IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED <br>    TRADES INDUSTRY PENSION FUND <br> GARY J. MEYERS, in his official capacity as <br>    a fiduciary, <br> FINISHING TRADES INSTITUTE <br>    F/K/A INTERNATIONAL UNION OF PAINTERS <br>    AND ALLIED TRADES JOINT APPRENTICESHIP <br>    AND TRAINING FUND, and <br> PAINTERS AND ALLIED TRADES LABOR <br>    MANAGEMENT COOPERATION INITIATIVE <br> 7234 Parkway Drive <br> Hanover, MD 21076 <br><br>                           Plaintiffs, <br>    v. <br><br> DODDS PAINTING, INC. <br> 500 N. 3rd St. <br> Lafayette, IN 47901 <br>    and <br> DENNIS L. DODDS <br> 3906 Kensington Drive <br> Lafayette, IN 47905 <br><br>                           Defendants. | CIVIL ACTION NO. |

## COMPLAINT

Plaintiffs, by undersigned counsel, complain as follows.

## JURISDICTION

1. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§1132, 1145; 29 U.S.C. §185(a); and/or 28 U.S.C. §1331. The claims asserted are all made under federal statutes or federal common law, but the supplemental jurisdiction of the Court under 28 U.S.C. §1367(a) also extends to any claims that are found to lie under state law.

193624

2.      A copy of this Complaint is being served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail in accordance with 29 U.S.C. §1132(h).

## VENUE

3.      Venue lies in the District of Maryland under 29 U.S.C. §1132(e)(2), 29 U.S.C. §185(a) and/or 28 U.S.C. §1391(b).

## PARTIES

4.      Plaintiff International Painters and Allied Trades Industry Pension Fund ("Fund" or "Pension Fund") is a trust fund established under 29 U.S.C. §186(c)(5). Its Trustees are the "named fiduciary," "plan administrator" and "plan sponsor" and each is an individual "fiduciary," within the meaning of 29 U.S.C. §§1102(a), 1002(16), (21), for the International Painters and Allied Trades Industry Pension Plan ("Pension Plan") and International Painters and Allied Trades Industry Annuity Plan ("Annuity Plan").

5.      The Pension Plan is a "multiemployer plan," "employee benefit plan" and "employee benefit pension plan" within the meaning of 29 U.S.C. §1002(37), (2) and (3) which is administered and has its principal place of business in this district at the address for the Fund in the caption of this Complaint. The Pension Plan is also known as and referenced as the "Pension Fund" and "IUPAT Industry Pension Plan" in the Labor Agreements relating to this complaint.

6.      The Annuity Plan is a "multiemployer plan," "employee benefit plan" and "employee benefit pension plan" within the meaning of 29 U.S.C. §1002(37), (2) and (3) which is administered and has its principal place of business in this district at the address for the Fund

in the caption of this Complaint. The Annuity Plan is also known as and referenced as "IUPAT Industry Annuity Plan" in the Labor Agreements relating to this complaint.

7. Plaintiff, Gary J. Meyers ("Meyers" and, together with "Fund," "Plaintiffs") is a fiduciary of the Funds within the meaning of 29 U.S.C. §1002(21) with respect to collection of contributions due the Funds and related matters. He has a business address as listed in the caption and is authorized to bring this action on behalf of all Trustees of the Fund and the Funds as organizations.

8. The Fund and Meyers are authorized collection fiduciary(ies) and agent(s) for:

    (a) the Pension Plan,

    (b) the Annuity Plan,

    (c) the Finishing Trades Institute f/k/a International Union of Painters and Allied Trades Joint Apprenticeship and Training Fund ("FTI"), and

    (d) the Ancillary Funds identified below.

9. FTI is a trust fund established under 29 U.S.C. §186(c)(5) and "multiemployer plans" and "employee benefit plan" and "employee welfare benefit plan" within the meaning of 29 U.S.C. §1002(37), (1), and (3). The FTI maintains its principal place of business and is administered from an office in this district.

10. The Painters and Allied Trades Labor Management Cooperation Initiative ("LMCI"), which is an entity that performs certain employer association functions, but is also an unincorporated organization established under 29 U.S.C. §186(c)(9). The LMCI is also known as and referenced as Labor-Management Cooperation Fund in the Labor Agreements relating to this complaint.

11.     The LMCI is referenced as "Ancillary Fund" and maintains its principal place of business and is administered from an office in this district.

12.     The Fund and Meyers, in their capacity as authorized collection fiduciary(ies) and agent(s) sue on behalf of the Pension Plan, the Annuity Plan, FTI and LMCI.

13.     The Fund, Pension Plan, Annuity Plan, FTI and, as allowed by law, LMCI, are jointly or severally referenced as the "ERISA Funds." The ERISA Funds and LMCI are hereinafter jointly or severally referenced as the "Funds."

14.     Defendant, Dodds Painting, Inc.("Company"), is a corporation and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§152(2), (6) and (7), 1002(5), (11) and (12) with a business office at the address listed in the caption. The Company does business with the Fund that is sufficient to create personal jurisdiction over the Company in this district and a substantial part of the events or omissions giving rise to the claim occurred from transactions with the Funds' office(s) in this district.

15.     Defendant, Dennis L. Dodds ("Individual Defendant" and together with Company, "Defendants"), is an individual and an owner, officer, agent or managing agent of Company with a business or residential address as listed in the caption.

## COMMON FACTS

16.     At all times relevant to this action, the Company was party to or agreed to abide by the terms and conditions of a collective bargaining agreement(s) (singly or jointly, "Labor Contracts") with one or more local labor unions or district councils affiliated with the International Union of Painters and Allied Trades, AFL-CIO, CLC (the locals, district councils and International being referred to jointly as "Union"). A true and correct copy of the cover page,

487222-1
PTINTF.33677

4

table of contents, contribution provisions and joinder or signature page of the Labor Contract is attached as Exhibit 1.

17. The Company also signed or agreed to abide by the terms of the Agreement and Declaration of Trust of the Fund ("Trust Agreement"), made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations, and the plan documents for the ERISA Funds. A true and correct copy of the Trust Agreement for the Fund is attached as Exhibit 2. True and correct copies of the cover page, §§3.08, 10.07, 10.08 and 10.11 and signature page of the Pension Plan are attached as Exhibit 3, and the Annuity Plan has parallel terms.

18. Under the Labor Contracts, Trust Agreement, plan documents of the ERISA Funds or other documents, the Company agreed:

(a) To make full and timely payment on a monthly basis to the Funds, as required by the Labor Contracts, Trust Agreement and plan documents. Ex. 2, p.15 (Art.VI, §2); Ex. 3, §10.07.

(b) To file monthly remittance reports with the Funds detailing all employees or work for which contributions were required under the Labor Contract. Ex. 2, pp.15-16 (Art.VI, §§3, 5).

(c) To produce, upon request by the Funds, all books and records deemed necessary to conduct an audit of the Company's records concerning its obligations to the Funds and to pay the cost of the audit if found to be delinquent or in violation of the Trust Agreement or Plan. Ex. 2, pp.16-17 (Art.VI, § 6).

(d)     To pay liquidated damages, interest, audit costs, and all costs of litigation, including attorneys' fees, expended by the Funds to collect any amounts due as a consequence of the Company's failure to comply with its contractual and statutory obligations described in Subparagraphs (a), (b) and (c). Ex. 2, pp. 16-17 (Art.VI, §§4, 6); Ex. 3, §§10.07, 10.11.

19.     Individual Defendant executed a Promissory Note Agreement on December 26, 2012 for delinquent contributions for the period of March 2012 through November 2012. The Agreement required Individual Defendant to submit equal monthly installments to pay off this delinquency beginning on January 20, 2013 and on the 20th of each subsequent month until the entire debt was paid. Although Individual Defendant submitted a number of payments, he defaulted, leaving the months of August 2012 through November 2012 unpaid.

20.     All conditions precedent to this lawsuit or the relief it seeks have been satisfied.

## COUNT I - CONTRIBUTIONS UNDER ERISA - SUM CERTAIN

### ERISA FUNDS

v.

### COMPANY

21.     The allegations of Paragraph 1 through 20 are incorporated by reference as if fully restated.

22.     Based on information currently available to the ERISA Funds, Company has failed to pay amounts due under the Labor Contracts, Trust Agreements, Promissory Note and Plan from August 2012 through November 2012 and April 2013 through September 2013 in at least the sum of $34,186.59 in violation of 29 U.S.C. §1145, as detailed on the attached Exhibit 4. For the periods of August 2012 through November 2012 and April 2013, the amount due is

based on remittance reports submitted by Company. The remainder of the amount due is based on estimates, due to Company's failure to submit reports.

23. The ERISA Funds are adversely affected and damaged by the Company's violation of 29 U.S.C. §1145.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Enter judgment against Company in favor of the Plaintiffs, for the benefit of the ERISA Funds, for at least the sum certain amount plus any additional amounts which may become due during the pendency of this lawsuit, together with interest at the rate(s) prescribed by 26 U.S.C. §6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents governing the ERISA Funds or statute, the cost of any audit and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment all as provided under the Trust Agreements, plan documents of the ERISA Funds, and 29 U.S.C. §1132(g)(2).

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II - AUDIT

### PLAINTIFFS

v.

### COMPANY

24. The allegations of Paragraphs 1 through 23 are incorporated by reference as if fully restated.

25. The amount of contributions the Company is required to pay to the Funds is based upon hours worked and paid to employees performing work covered by the Labor Contracts.

26. The Funds are without sufficient information or knowledge to plead the precise nature, extent and amount of the Company's delinquency because the books, records and information necessary to determine this liability are in the exclusive possession, custody and control or knowledge of the Company.

27. Computation of the precise amount of an employer's delinquency is best achieved by an audit of the employer's books and records to compare them to contractually-required remittance reports submitted by the employer.

28. The Company is required by the Labor Contracts, Trust Agreements, plan documents of the ERISA Funds and/or applicable law to permit the Funds to audit its records, to cooperate in determining the contributions due the Funds and to pay the cost of the audit if found to be delinquent.

29. The Funds and their fiduciaries or officers are adversely affected or damaged by the lack of an audit as, among other things, they have a duty to audit and confirm amounts due from contributing employers.

30. The Funds and their fiduciaries or officers have no adequate remedy at law for lack of an audit as the calculation of any damages suffered as a result of the breach requires an audit.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Enjoin the Company, its officers, agents, servants, employees, attorneys and all others in active concert or participation with them to permit an audit of all records under the

actual or constructive control of the Company and, in the absence of records, to cooperate in alternative methods for the determination of work for which contributions are due.

(2) Order the Company to pay for an audit by a Certified Public Accountant chosen by the Funds, and

(3) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT III - CONTRIBUTIONS UNDER ERISA AFTER AUDIT

### ERISA FUNDS

### v.

### COMPANY

31. The allegations of Paragraphs 1 through 30 are incorporated by reference as if fully restated.

32. On information and belief, the Company has failed to make contributions to the ERISA Funds in violation of 29 U.S.C. §1145 in a period not barred by an applicable statute of limitations or similar bar.

33. The ERISA Funds are adversely affected or damaged by the Company's violation of 29 U.S.C. §1145.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) After an audit, enter judgment against the Company in favor of Plaintiffs, for the benefit of the Funds, for the contributions found due and owing by the audit, together with interest at the rate(s) prescribed by 26 U.S.C. §6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid

contributions or liquidated damages provided by the plan document(s) or statute(s), the cost of the audit, and reasonable attorneys' fees and costs incurred in this action and in connection with any proceedings to enforce or collect any judgment all as provided under the Trust Agreements, Plan and 29 U.S.C. §1132(g)(2).

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT IV - CONTRIBUTIONS UNDER CONTRACT - SUM CERTAIN

### PLAINTIFFS

v.

### COMPANY

34. The allegations of Paragraphs 1 through 33 are incorporated by reference as if fully restated.

35. The Company has not paid the Funds as required by the Labor Contract, and other documents incorporated by the Labor Contract, such as the Trust Agreements, Promissory Note or plan documents of the ERISA Funds.

36. Based on information currently available to the Plaintiffs, Company has failed to pay amounts due under the Labor Contracts, Trust Agreements, Promissory Note and Plan from August 2012 through November 2012 and April 2013 through September 2013 in at least the sum of $34,186.59, as detailed on the attached Exhibit 4. The amount due for the period of May 2013 through September 2013 is based on estimates, as Company has failed to submit remittance reports for that period.

37. Plaintiffs have been damaged as a proximate result of the breach of Labor Contract and/or its incorporated documents by Company.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Enter judgment against the Company and in favor of Plaintiffs, for the benefit of the Funds, for the sum certain currently due plus any additional amounts which become due and owing during the pendency of this litigation or as a result of an audit together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment, as provided in the Labor Contract and Trust Agreements.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT V - CONTRIBUTIONS UNDER CONTRACT – AFTER AUDIT

### PLAINTIFFS

### v.

### COMPANY

38. The allegations of Paragraphs 1 through 37 are incorporated by reference as if fully restated.

39. Plaintiffs are damaged as a proximate result of the breach of the Labor Contract and its incorporated documents by Company with respect to any amounts found due in an audit.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Enter judgment against the Company and in favor of Plaintiffs, for the benefit of the Funds, for the sum certain currently due plus any additional amounts which become due and

owing during the pendency of this litigation or as a result of an audit together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment, as provided in the Labor Contract and Trust Agreements.

(2)  Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT VI - BREACH OF FIDUCIARY DUTY

### PENSION PLAN and ANNUITY PLAN

### v.

### INDIVIDUAL DEFENDANT

40.  Plaintiffs incorporate Paragraphs 1 through 39 by reference as if fully restated.

41.  At such time as contributions became due and payable by Company to the Pension Plan and Annuity Plan, such monies became assets of the Pension Plan and Annuity Plan under and pursuant to the terms of the Trust Agreement, plan documents of the Pension Plan and Annuity Plan and applicable law. See Ex. 2, p. 5 (Article I, §10).

42.  Individual Defendant is a fiduciary with respect to the Pension Plan and Annuity Plan under 29 U.S.C. §1002(21) with respect to amounts not paid to the Fund by reason of his possession, authority and control respecting the management or disposition of plan assets with respect to assets of the Pension Plan and Annuity Plan in his possession.

43.  As a custodian and fiduciary in possession of Pension Plan and Annuity Plan assets, Defendant had a duty prudently to safeguard the plan assets, to place them in trust apart from the assets of Company as soon as practicable and deliver them to the Fund, on demand or

earlier, and to account for assets received and earnings or profits thereon under 29 U.S.C. §§1104, 1103(a) and applicable regulations.

44. Individual Defendant violated 29 U.S.C. §§1104, 1103(a) and adversely affected or damaged the Plan and/or their participants or beneficiaries by retaining plan assets that were not properly payable to them and/ or diverting plan assets to their own use or benefit.

45. The Plan is adversely affected by Individual Defendant's acts or omissions in violation of 29 U.S.C. §§1104, 1103(a).

WHEREFORE, Plaintiffs ask that the Court:

(1) Require Individual Defendant to render an accounting of Plan assets received and held by them and their earnings, profits or proceeds due the Plan or allow an audit by the Plan to prepare such an accounting;

(2) Enjoin Individual Defendant, and its agents, servants, employees, attorneys, fiduciaries and persons in active concert or participation with them and others who receive actual notice of an order, to comply with governing law and the terms of the Funds' plans of benefits with respect to the care and custody of Plan assets and accounting for the custody and earnings on Plan assets;

(3) Require Individual Defendant to make good any losses to the Plan resulting from breach of fiduciary duty and to restore to the Plan any profits which have been made through use of Plan assets, and

(4) Grant such other equitable or remedial relief as the Court may deem appropriate.

## COUNT VII - PROHIBITED TRANSACTION

### PENSION PLAN and ANNUITY PLAN

### v.

### INDIVIDUAL DEFENDANT

46. Plaintiffs incorporate Paragraphs 1 through 45 by reference as if fully restated.

47. Company and Individual Defendant are parties-in-interest with respect to the Fund within the meaning of 29 U.S.C. §§ 1002(14).

48. 29 U.S.C. § 1106(a) provides in part:

> A fiduciary with respect to a plan shall not cause the plan to engage in a transaction, if he knows or should know that such transaction constitutes a direct or indirect ...
>
> (D) transfer to, or use by or for the benefit of a party-in-interest, of any assets of the plan.

49. 29 U.S.C. § 1106(a) separately and additionally prohibits the sale or exchange, lease, lending of money or other extension of credit, or furnishing of goods, services or facilities between a plan and a party-in-interest.

50. 29 U.S.C. § 1106(b) provides in part:

> A fiduciary with respect to a plan shall not —
>
> (1) deal with the assets of the plan in his own interest or for his own account,
>
> (2) in his individual or any other capacity act in any transaction involving the plan on behalf of a party (or represent a party) whose interests are adverse to the interests of the plan or the interests of its participants or beneficiaries, ...

51.     29 U.S.C. § 1106(b)(3) separately prohibits any receipt of consideration by a fiduciary for his own personal account from any party dealing with the plan in connection with a transaction involving the assets of a plan.

52.     29 U.S.C. § 1108(c) permits a fiduciary with respect to an employee benefit plan to receive and retain only the amounts to which he is entitled under the terms of the employee benefit plan on the same basis as other plan participants.

53.     The acts or omissions of Individual Defendant violate 29 U.S.C. § 1106.

54.     The violations of 26 U.S.C. § 1106 by Individual Defendant are not exempt under 29 U.S.C. § 1108. The Plan has been damaged or adversely affected by the prohibited transactions.

**WHEREFORE**, Plaintiffs ask that the Court:

(1)     Require Individual Defendant to correct the prohibited transaction;

(2)     Require Individual Defendant to make good to the Plan any losses resulting from each such breach and to restore to such Plan any profits of such fiduciary which have been made through use of assets of the Plan by the fiduciary; and

(3)   Grant any other equitable, remedial or other relief as the law permits and the Court may deem appropriate.

Respectfully submitted,

December 6, 2013
Date

/s/ Judith Sznyter
JUDITH SZNYTER
Bar No. 29743
Jennings Sigmond, P.C.
510 Walnut Street, 16th Floor
Philadelphia, PA 19106
Phone: (215) 351-0660
Fax: (215) 922-3524

MOIRA McGUIRE KULIK*
Jennings Sigmond, P.C.
The Penn Mutual Towers, 16th Floor
510 Walnut Street
Philadelphia, PA 19106
Phone: (215) 351-0613
Fax: (215) 922-3524

Attorneys for Plaintiffs

*Application for Pro Hac admission of Moira McGuire Kulik will be made at the appropriate time if necessary.